108 F.3d 1377
 156 L.R.R.M. (BNA) 2608
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DETROIT PAINTING CORP., Respondent.
 No. 96-6705.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1997.
 
 NLRB, No. 7-CA-34751(1)(2).
 NLRB
 ORDER ENFORCED.
 Before: WELLFORD, NELSON, and SUHRHEINRICH, Circuit Judges.
 
 SUPPLEMENTAL JUDGMENT
 
 1
 In a judgment entered on November 20, 1995, this court granted summary enforcement of a decision and order of the National Labor Relations Board (the "Board") finding the respondent had violated federal labor law and directing the respondent to take certain remedial steps stated therein. Among the ordered remedial steps was the reinstatement of two discharged employees with the requirement that they be made whole for losses incurred as a result of the respondent's violations.
 
 
 2
 Thereafter, the Regional Director of Region 7 issued a compliance specification alleging the amount of backpay and fringe benefit fund contributions due under the Board's decision and order. The respondent failed to answer the compliance specification and the matter was referred to the Board which issued a supplemental decision and order on August 14, 1996 adopting the amounts of backpay and fringe benefit fund contributions set form in the compliance specification.
 
 
 3
 The Board now applies to this court for summary enforcement of its August 14, 1996 supplemental decision and order. The respondent has not filed an answer to the Board's application or otherwise made an appearance before this court. Under these circumstances, we conclude that summary enforcement of the Board's supplemental decision and order is warranted. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board ... shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 4
 It therefore is ORDERED that the Board's supplemental decision and order of August 14, 1996 in Case Nos. 7-CA-34751(1) and 7-CA-34751(2) is hereby enforced. The respondent Detroit Painting Corp., Detroit, Michigan, its officers, agents, successors, and assigns, shall make whole the discriminatees by paying the amounts set forth below to the discriminatees and the fringe benefit funds, with interest on the backpay owed as prescribed in New Horizons for the Retarded, 283 N.L.R.B. 1173 (1987), and any additional amounts accruing on the benefit fund contributions as prescribed in Merryweather Optical Co., 240 N.L.R.B. 1213 (1979), minus tax withholdings on the backpay due the discriminatees required by Federal and state laws:
 
 
 5
 Backpay:
 Michael Potter: $14,403.64
 James Potter: $23,771.00
 ----------
 TOTAL BACKPAY: $38,174.64
 Fringe Benefit Fund Contributions:
 Michael Potter: $4,536.87
 James Potter: $4,889.84
 ----------
 TOTAL CONTRIBUTIONS: $9,426.71
 TOTAL BACKPAY AND CONTRIBUTIONS: $47,601.35